IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE WILLIAM SWIFT        )
                            ) No. 20-1325
    v.                      )

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

## OPINION AND ORDER

### SYNOPSIS

In this action, Plaintiff filed an application for social security disability insurance benefits under Titles II and XVI the Social Security Act, based on impairments including anxiety, ADHD, and mild intellectual disorder. His application was denied initially and upon hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966).  If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered.  Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).  Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently."  Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.     THE PARTIES' MOTIONS

Plaintiff first argues that the ALJ erred in concluding that his impairments did not meet Listing 12.05(B). In particular, the ALJ determined that Plaintiff did not meet the Listing requirement that he display "[s]ignificant deficits in adaptive functioning currently manifested by

an extreme limitation of one, or marked limitation of two" in specific areas identified in 20 C.F.R., Pt. 404, Subpt. P., Appx. 1, § 12.05(B).

Here, the ALJ reviewed each pertinent aspect of the Listing against the evidence of record, and explained the bases for his conclusions that Plaintiff did not have the required marked or extreme limitations. While Plaintiff points to aspects of the record that would support findings of more severe limitations, the "question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding.... Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance." Goldinger v. Berryhill, No. 17-918, 2018 U.S. Dist. LEXIS 162375, at *10 (W.D. Pa. Sep. 24, 2018) (quoting Weidow v. Colvin, No. 15-765, 2016 U.S. Dist. LEXIS 139683 (M.D. Pa. Oct. 7, 2016)).  As stated supra, this Court cannot reweigh the evidence, even if I would have done so differently than the ALJ.  The ALJ's approach to the Listing does not warrant remand.

Next, Plaintiff asserts that the ALJ's residual functional capacity ("RFC") is not supported by substantial evidence. In so doing, Plaintiff contends that the ALJ improperly weighed the medical opinion evidence of record. Specifically, Plaintiff points to the opinion of Dr. Brinkley, as corroborated by Drs. Franz and Byrd.  The ALJ thoroughly discussed Dr. Brinkley's opinion regarding Plaintiff's functioning, and explained perceived inconsistencies with treatment records, therapy notes, and other aspects of the record.  He further discussed the opinions of Drs. Byrd and Franz, and stated legitimate bases for the weight afforded those opinions.  It is clear that he considered the entirety of the record when doing so. The ALJ's decision, and thorough explanations of the evidence, do not suggest that he substituted his own

lay opinion for that of Dr. Brinkley.[1]  An ALJ "is free to accept some medical evidence and reject other evidence, provided that he provides an explanation for discrediting the rejected evidence."  Zirnsak v. Colvin, 777 F.3d 607, 614 (3d Cir. 2014). Again, the Court's role is limited, and the ALJ's explanations and the bases therefor are sufficient under applicable standards.  Upon careful review of the record, I find no error.

## CONCLUSION

In conclusion, under applicable standards, I am constrained to find that the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted.  An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: 12/30/21

---

[1] The RFC allowed for a full range of work, except Plaintiff was limited to simple, routine, repetitive work, no fast-paced work, simple work decisions, no interaction with the public, and occasional interaction with supervisors and coworkers.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE WILLIAM SWIFT )
) No. 20-1325
v.

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

## ORDER

AND NOW, this 30th day of December, 2021, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED and Defendant's GRANTED.

BY THE COURT:

_____

Donetta W. Ambrose

Senior Judge, U.S. District COurt